UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMRINDER SINGH; and GURWINDER SINGH,<br><br>Petitioners,<br><br>v.<br><br>WARDEN of the Golden State Annex Detention Facility; POLLY KAISER, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, acting in their official capacities,<br><br>Respondents. | No. 1:26-cv-00353-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING RESPONDENTS' MOTION TO DISMISS AND SEVER<br><br>Docs. 1, 13 |

Petitioners Amrinder Singh and Gurwinder Singh are immigration detainees proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 6. The Court has previously addressed the legal issue raised by the petition and found that the Due Process Clause requires a pre-deprivation bond hearing when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained on the grounds that they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12,

1

2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

On February 6, 2026, respondents filed a motion to sever that asks the Court to dismiss this case for improper joinder and require each petitioner to file a separate petition.  Doc. 13 at 1. Federal Rule of Civil Procedure 20(a) permits parties to join together in one action as plaintiffs if they "meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  "The 'same transaction' requirement of Rule 20 refers to 'similarity in the factual background of a claim; claims that arise out of a systematic pattern of events' and have a 'very definite logical relationship.'" *Hubbard v. Hougland*, No. CIV S-09-0939 JAM GGH P, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting *Bautista v. Los Angeles County*, 216 F.3d 837, 842–843 (9th Cir. 2000)).

Petitioners meet these requirements.  Both reported for a scheduled check-in at the Fresno ICE office and were re-detained, purportedly pursuant to 8 U.S.C. § 1225(b)(2)(A), even though both had previously been released pursuant to 8 U.S.C. § 1226(a).  *See* Doc. 1 at ¶¶ 23–28, 33–37; Doc. 16.  Petitioners' claims also concern a common question of law: whether the Due Process Clause requires a bond hearing before they may be re-detained.  *See* Doc. 1 at ¶¶ 48–51. Respondents concede that there are no distinctions between petitioners' claims and those in prior cases that this Court has decided.  *See* Doc. 16 at 2.  Joinder is warranted given that respondents have not identified any relevant distinguishing fact or legal issue between the two petitioner's claims, and their re-detentions are part of a systematic pattern of conduct by respondents based on the government's novel reinterpretation of § 1225(b)(2)(A).  *See, e.g.*, *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185, at *9 (E.D. Cal. Sept. 5, 2025) ("[T]he Court agrees with Petitioners that the allegations in this habeas case involve a 'systemic pattern of events' that is common to all Petitioners.").

Respondents argue that the Court should nevertheless dismiss the case and require

2

petitioners to separately file new petitions because of the high volume of habeas cases in this District challenging detention under the government's new policy—essentially because it would be easier for respondents as an accounting matter to have separate case numbers for each petitioner. Doc. 13. That is not a sufficient basis to dismiss the petition and require separate re-filing in this case. This Order clearly lists each petitioner's name in the caption. Page one of the petition clearly states respondents' A-numbers and states that they are detained at the Golden State Annex Detention Facility. *See* Doc. 1 at 1. Agency officials can readily determine from the face of this order that it applies to both petitioners: AMRINDER SINGH and GURWINDER SINGH. And given the extremely high volume of immigration habeas cases in this District and the similarity of issues in hundreds of cases, judicial economy weighs heavily in favor of permitting similarly situated petitioners to join in a single action when respondents do not point to any relevant factual or legal distinctions between the petitioners' claims. Respondents' motion is denied.

On February 5, 2026, the Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, *Clene C.D. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the petition. Doc. 8. Respondents state that they reviewed those cases and "agree[] that there are no factual or legal issues in this case that render it substantively distinct from the Court's prior orders." Doc. 16 at 2. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–3.[1]

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025, or *Benavides Carballo v. Andrews*, No. 25-6533 (9th Cir.), which concerns an as-applied constitutional challenge to detention under § 1226(c). *See* Doc. 16 at 2 n.1. But petitioners are not subject to § 1226(c) and immigration officials previously released them after implicitly determining that they did not pose a flight risk or a danger; the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to their re-detention. Given the different circumstances in this case, and the nature of the relief petitioners seek, the Court declines to hold this case in abeyance.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to release petitioners **AMRINDER SINGH and GURWINDER SINGH** immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioners unless respondents demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioners are a flight risk or danger to the community such that their physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioners.

IT IS SO ORDERED.

    Dated:   February 11, 2026   

    _____
    UNITED STATES DISTRICT JUDGE

4